Case on the docket, Grace v. City of Edwardsville, No. 5-24-0425. For the appellant, Ms. Polenski. For the appellee, Mr. Shrimp. Ready to proceed. Oh, that's fine, take your time. Good morning, may it please the court, your honors, counsel, this case deals with an administrative fee charged by the city of Edwardsville. Counsel, would you introduce yourself? Oh, I apologize, Donna Polenski for the appellants. This is a class action suit that derives from the charge of an administrative tow fee for any individual arrested in various felony offenses through the ordinance enacted by the city of Edwardsville, particularly those arrested for driving under the influence of alcohol. In this case, the city filed a motion to dismiss and strike. Arguments were heard and the trial court granted the motion to dismiss, which is the subject of this appeal. The trial court's order granted the motion to dismiss in three main sections in their order. I'll go through each of those in turn. The first deals with the rational relationship test of a substantive due process argument or the facial challenges as the court listed its heading in that particular section. The court found that the recovery of the cost served a legitimate legislative purpose and the fee bore a rational relationship to the actual cost that the ordinance intended for them to recoup. In its order, the court cites Leahy v. City of Carbondale, which was decided by this court last year. Leahy is fact distinguishable on several levels. First of all, Leahy was a bench trial where evidence obviously was heard, testimony taken, exhibits entered into evidence, and the trial court made a determination. ...are not impaired to adjudicate the accuracy of the legislative findings. As long as there is a reasonably conceivable set of facts showing that the legislation is rational, it must be upheld. That is, I can't pronounce it, a case. So then we go to trying to discern, as the trial court had to do, what was the legislative purpose of the City of Edwardsville when they enacted this. As the court is probably aware, there were, at the time of that enactment, numerous cities throughout Illinois who were adopting administrative TOFI ordinances. Many of those have been subject to review by the various other districts in Illinois, and fees or penalties have been upheld ranging from $2,000 in a case out of Chicago, $500 out of a case in Peoria, and similar fees in the $500 range have been upheld in other cities and districts. Going back to what should the ordinance actually say? The owner of record for said vehicle shall be liable to the city for an administrative processing fee. I agree with plaintiffs that the Carbondale ordinance, written some years later, is a better version of the ordinance. After this ordinance was adopted in Edwardsville, and I think Ault was probably the first one in the area to adopt such a thing, the State of Illinois then adopted a statute that justified and said non-home-ruled municipalities can adopt similar administrative TOFIs. Only home-ruled municipalities have been allowed to do that previously. The statute adopted by Illinois did list a number of reasons why such a fee is appropriate, including the investigation, the stop, the police officer on the scene, the time to do the paperwork, all of those issues. We cite in our brief, you inventory the car, you usually search the car, all those things before you just turn it over to the tow company. The 619 portion of the motion to dismiss did include, affidavit from the long-time city attorney of Edwardsville, Jeff Berkbegler, that stated that the city had consulted with its police department, its chief, who yes, later was convicted of criminal activity, but nonetheless, at the time he was the police chief, and they considered what's involved in these situations. Typically, how long does it take a police officer or two to deal with these issues? How long is it that you deal with a DUI driver? They wanted to recover some of those costs. It is true, the city has to pay those costs anyway, but this is a legitimate governmental purpose of trying to recover a portion of those costs from the offender who creates the situation, leading to a decision by the city to order a tow and impoundment of the vehicle. Why shouldn't the plaintiffs be allowed to dispute those very facts at a bench trial or jury trial? Because this is a purely administrative proceeding. They do have the ability, under the ordinance, to ask for an administrative proceeding to review whether they should have to pay that fee. None of the plaintiffs, none of the individual plaintiffs represented by plaintiff's attorneys asked for any such hearing. That's in, I believe, the depositions, I'm not sure it's part of this record, but there's no allegation any of them did ask, and in fact, none of them did ask for that hearing. So you would agree that impoundment fees accrue daily? Would you agree with that? It's not in the record, but yes. That's true in the world that the guy who's running a storage yard, towing and storing vehicles, does charge daily. One can pay the fee like we do with taxes. You can pay it with a reservation, saying here's the $300. In fact, it's referred to as a bond when you pay it. It is returned if you prevail in the administrative proceeding, and if you do not, you certainly have a right for administrative review through the circuit court. I would also point out a few things in response to plaintiffs today. You can't, the individual does have the right to either not pay it and have the hearing, admittedly incurring additional costs perhaps, or they can pay it as bond and then have their hearing. The motion to dismiss, as I said, included this 619, which is supported by the affidavit not refuted of the long-time city attorney, saying there was, this is the purpose for that fee. But I think even more importantly, and I've tried to stress this in my brief, I hope I did, any law enacted by whether the state or local government has a presumption of validity, and the courts are to disfavor the challenge of a non-constitutionality aspect. This ordinance, if it doesn't have any reason behind the $300 fee, is absurd. What's it for? If it's $300 to issue a receipt, yes, I agree, that would be not a rational relationship to the cost of issuing a receipt. The court has to figure out what's the purpose of this ordinance. What's the purpose of the fee? It is to recover, it makes them liable to the city for the administrative processing. In the Carbondale case, those criteria, what's administrative processing, that was defined. That definition, even in the Carbondale case, is not all-inclusive. There are always circumstances, issues. Perhaps public works has to be called out. Perhaps the fire department has to be called out. Perhaps somebody has to put up a road barricade. All of those issues are part of what the city incurs when they have a towing and an omment situation. The substantive process, I think, just doesn't come into play. There's no fundamental right here. It's a purely economic situation, and there is a state remedy available through the administrative process. Voluntary payment argument, I think, is a good argument. But I think the best argument is simply this. To interpret the ordinance the way that plaintiff argues it should be interpreted makes the ordinance a melody. And the courts do not, in statutory construction, want to reach a result to claim that this statute, this ordinance is absurd, a melody, makes no sense. The only way it makes sense is if this statute was trying to recover those costs that all the other municipalities try to recover, relate the cost that the city incurs when they are faced with a situation of a towing and an omment of vehicle for certain criminal activities. Real quickly, the plaintiff's attorney today brought up, I think, a new argument of, well, but they don't charge for prostitution when they arrest a prostitute. Well, that's not this ordinance. They don't have to. They get to choose. We might have a fee for a swimming pool permit and not a fee for a fence permit. We might have a fee when we do an ompound and towing of a vehicle that we don't assess when we arrest somebody for street walking. That's the judgment of the legislature, and it's a rational judgment. There is more involved when you have to wait at the scene, call a tow truck, and impound the vehicle. Thank you. So you're saying that you have administrative review as the only way that you can recoup what you paid, or to get the $300? Under this ordinance, yes, sir. So even a not guilty after a jury trial would make no difference. You'd still have to do that review. That is correct. It is to recover the cost we incurred for dealing with this situation, your driver, who you gave permission to use your car. So it's a probable cause question. The policeman then decides the whole case. No, the police officer decides that this is a situation that warrants a tow and an impoundment. If in the administrative hearing, you would certainly be free to bring in, he never should have stopped me. He never should have impounded that car. I wasn't drinking. I was not drunk. All of that would be reasons to go to the administrative hearing and say, this shouldn't have happened to me. I'm getting back to probable cause. He has to have that to make the arrest, wouldn't you say? Yes, Your Honor. So he's the whole, that's the key right there? He initiates the whole procedure. Right. But you do have a right to fight that in your administrative hearing, certainly. And I disagree also. I think you could raise in your administrative hearing any constitutional challenge you wish. And, again, you have a right for a review by a circuit court, an administrative review. You'd have to put it on the record, but I think you have that. Okay. Thank you.  Rebecca. Your Honor, I'm going to address your last question first. The ordinance is clear by your example. There is no way a person could retrieve their $300 back or anything else during that administrative hearing if their case was dismissed. The ordinance is clear that a person has 10 days to file for that administrative hearing. So within the being released from jail, obtaining their vehicle, doing whatever they do in those 10 days, that's all they have to challenge the probable cause portion. And you are exactly correct, the probable cause portion of that. So if they are found not guilty and these cases, doing DUI cases, these cases can take up to a year or two. Unless that DUI is resolved within nine days, they have no administrative recourse to get that money back. Addressing that. Secondly, counsel indicated that he didn't know where the argument came from. The purpose of the ordinance is to write a receipt. Reading the ordinance and reading the ordinance again, I read it as the case law says to read it, and that's on its face. Not interpreting, not using statutory or other measures of interpretation to try to figure out what they're talking about here and what they mean. The ordinance is clear as to what it provides, and the section he read is exactly correct. That it is for the, that a person is subject to tow and impoundment by the city, and they pay the city. Another section of the statute where we get that receipt, besides the fact that we know this from our clients, is that the section B of 114-413 states that the owner may secure release of an impounded vehicle pending completion of hearings by posting a cash bond money order certified check with the city of Edwardsville in the amount of $300. Knowing from, again, this would be elicited at trial. There were no, obviously during motion to dismiss, there wasn't testimony of the individual plaintiff stating that they got the receipt from the city and then took that to the tow yard so they could pay the tow yard and receive their vehicle. So that's where the argument that has been made in front of the trial court, that the basis of this ordinance is towing and impoundment, which the city doesn't do, as counsel has indicated. And the only thing in here that it states that the city does is receive that cash money order or certified check for the $300. The theory of this case has not changed over time. There was a section initially in the first complaint for an as-applied challenge. After, and I argued the first Carter v. Elton, which was consolidated with all of the other cases. That was modified after the case went back to the circuit court. It is even noted in the Carter decision that the plaintiffs had amended the complaint to not an as-applied but a facial challenge. The counsel argues that it's clear from the ordinance of all these other things that the ordinance is intended to do. But again, hindsight, you know, they should have enacted their ordinance the same as the city of Carbondale and set forth what they do. It included other investigations that are required by the police department. Other, yeah, I keep going back to the drug. I'm going to go to the drug use. If someone is arrested for drugs, they're investigated. There may not be the investigation of the inside of a car, but that person is subject to seizure and subject to the same treatment as someone who was sitting in a car when he did that. And I see that. Oh, I guess I'm out of time. You asked, Your Honor, about why not contest this at trial, and this has been one of the points that we've argued all along. We've objected to the studies that counsel indicates since they brought that up. The rules of evidence, 901A, states that a conditioned precedent to admissibility, evidence has to be authenticated. This has never been authenticated to the point, well, this is more in the next case than in this case. But it is an attorney who is interpreting what a former police chief who is currently in federal prison for taking this money and gambling it away, but he did. There's been no questioning of the author of the study to say, how did you come to this conclusion? It's just we've got this piece of paper that says this, so we're going to rely on that and say that it's authenticated. It hasn't been. Thank you. Thank you. Unless you have any questions. Thank you, counsel. We'll take this matter under advisement and issue a ruling in due course.